The document below is hereby signed.

Signed: March 07, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| OVEDA VERNET HANCOCK, | ) | Case No. 09-01113 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE MOTION FOR SANCTIONS

The debtor and her attorney were required to attend the meeting of creditors (unless the debtor had moved to dismiss the case beforehand). Thomas C. Willcox's motion for sanctions is unopposed. Accordingly, no good cause has been shown for failure of the debtor and her attorney to attend the meeting. It may be inferred that they acted in bad faith. The case has been dismissed with prejudice for five years based on abusive serial filings by the debtor and her brother (a co-owner and co-obligor), and the failure to appear at the meeting of creditors appears to be part of that pattern of abuse. It is appropriate to impose as a sanction the attorney's fees incurred by Willcox, a member of the bar representing himself, in attending the meeting of creditors, and prosecuting his motion for sanctions.

*In re Cochener*, 360 B.R. 542 (Bankr. S.D. Tex. 2007); *In re Pocono Truck Wash, Inc.*, 206 B.R. 352 (Bankr. M.D. Pa. 1996); *In re Crabtree*, 39 B.R. 702 (Bankr. E.D. Tenn. 1984). *See also In re Dinova*, 212 B.R. 437, 444 (2d Cir. B.A.P. 1997).

The court will allow $894.00 of the attorney's fees sought by Willcox as sanctions against the debtor and her attorney, jointly and severally. The $894.0 amount results from:

- disallowing, first, the time spent preparing for the meeting of creditors: Willcox had no assurance that the debtor would not decide to exercise her right prior to the meeting of creditors to move for a dismissal of the case as a matter of right;
- disallowing, second, the one-half hour of time spent waiting before the scheduled 10:00 a.m. start of the meeting of creditors; and
- allowing the one-half hour spent attending the hearing on the motion that was not included in Willcox's original tally of time.

An order follows.

[Signed and dated above.]

Copies to:

Debtor; debtor's attorney; Thomas C. Willcox, Esq.; trustee.